28 F.3d 105
 74 A.F.T.R.2d 94-5296
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eugen D. GEORGESCU, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70267.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 8, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eugen D. Georgescu appeals pro se the tax court's decision upholding the Commissioner of Internal Revenue's (CIR) disallowance of certain business-expense deductions claimed by Georgescu for the tax year 1987. We have jurisdiction pursuant to 26 U.S.C. Sec. 7482, and we affirm.
 
 
 3
 We review the tax court's conclusions of law de novo and findings of fact for clear error. Norgaard v. Commissioner, 939 F.2d 874, 877 (9th Cir.1991) (citing Betson v. Commissioner, 802 F.2d 365, 367 (9th Cir.1986)).
 
 
 4
 Section 162 of the Internal Revenue Code allows taxpayers to deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." 26 U.S.C. Sec. 162(a). If the CIR disallows a business-expense deduction, the taxpayer bears the burden of providing supporting evidence to substantiate the claimed deduction. See Norgaard, 939 F.2d at 877; Goldberg v. United States, 789 F.2d 1341, 1343 (9th Cir.1986); Meridian Wood Prods. Co. v. United States, 725 F.2d 1183, 1189 (9th Cir.1984). If the taxpayer's records are inadequate or there are no records, a tax court may still allow a deduction based on a reasonable estimate, provided the taxpayer establishes that she is entitled to some deduction. See Norgaard, 939 F.2d at 879 (discussing the Cohan rule, which allows the tax court to approximate amount of allowable deduction if proof of some deductible expenditure is provided). For deductions related to travel, automobile expenses, and other specified business-expense deductions, however, Congress has created strict substantiation requirements. See 26 U.S.C. Secs. 162(a), 274(d), 280F(d)(4). A taxpayer must be able to substantiate each element of such expenses by "adequate records" or by sufficient independent evidence corroborating her statements as to these expenditures. See 26 C.F.R. Sec. 1.274-5(c).
 
 
 5
 At issue in the tax court were several business-expense deduction claimed by Georgescu for tax year 1987: (1) a $160 deduction for business-related meal expenses (2) a $4,675 business-expense deduction for vehicle expenses, and (3) a $3,622 business-expense deduction for expenditures incurred while Georgescu sought new employment in his current occupation.
 
 
 6
 The tax court found no evidentiary support for the deduction for meal expenses and upheld the CIR's disallowance of that deduction. We agree. Georgescu failed to meet his burden of substantiating this deduction with specific supporting evidence. See Norgaard, 939 F.2d at 877; Goldberg, 789 F.2d at 1343; Meridian Wood, 725 F.2d at 1189.
 
 
 7
 The tax court also upheld the CIR's disallowance of Georgescu's deduction for vehicle expenses on the grounds that (1) he had failed to meet his burden of proof that the vehicle expenses were incurred "while away from home in pursuit of a trade or business" and (2) he had failed to submit adequate records to substantiate the claimed deduction. The tax court observed that Georgescu had been transferred by his employer to several locations, but concluded that Georgescu had failed to prove that these transfers were of a temporary as opposed to indefinite nature. We find no clear error in the tax court's decision. See Norgaard, 939 F.2d at 877; Goldberg, 789 F.2d at 1343; Meridian Wood, 725 F.2d at 1189; see also Neal v. Commissioner, 681 F.2d 1157, 1158-59 (9th Cir.1992) (discussing the "temporary" versus "indefinite" distinction for determining when "commuting expenses" are deductible and adopting the rationale of Kasum v. United States, 671 F.2d 1059, 1061 (7th Cir.1982), as the law of this circuit).
 
 
 8
 Moreover, even if we were to find that Georgescu had met his burden of providing corroborative evidence that his assignment to the Palo Verde, Arizona job site and to the San Bernardino, California office were temporary, Georgescu failed to meet his burden of providing adequate substantiation of his business-related vehicle expenses. In his own testimony, Georgescu acknowledged that he had not kept a contemporaneous log of his vehicle expenses and was unable to provide other independent supporting evidence to establish the amount of his business-related vehicle expenses. See 26 U.S.C. Sec. 274(d); 26 C.F.R. Sec. 1.274-5(c); see also Norgaard, 939 F.2d at 878 (observing that taxpayer had failed to maintain a daily log or other contemporaneous record to substantiate his claimed deductions). Accordingly, the tax court did not error in upholding the CIR's disallowance of this deduction.[1]
 
 
 9
 Finally, the tax court considered Georgescu's deductions for expenses related to his job search. The tax court found that while Georgescu had demonstrated that he had incurred some expenses, primarily phone calls and typing fees, the exact amount was uncertain. Using the Cohan rule, the tax court determined that $249.71 represented a reasonable approximation of his allowable deduction for these job-seeking expenses given the proof offered by Georgescu. We agree. See Norgaard, 939 F.2d at 879.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In the tax court and on appeal, Georgescu contends that during an IRS audit, he furnished the CIR with documents supporting his claimed vehicle expenses which were not returned. The CIR denies the charge and notes that in its correspondence with Georgescu's representative the only documentation provided by Georgescu relating to his vehicle expenses was a 5-page reconstruction of his expenditures. Given Georgescu's testimony that he did not keep a contemporaneous log of his expenses, his inability to specify with any particularity the items purportedly not returned, the IRS's denial that they lost or retained any of his papers, and section 274(d)'s requirement for substantiation of travel expenses, Georgescu's claim does not provide a basis for overturning the tax court's decision